IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TIMOTHY GARDNER, TECK ELECTRIC, LLC, and JOHN DOE, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:24-cv-11 |
| v. | |
| STEPHEN JESSUP, | |
| Defendant. | |

**O R D E R**

Plaintiff John Doe filed a Motion to Plead Anonymously.  Doc. 16.  Defendant filed a Response in Opposition.  Doc. 20.  Plaintiff Doe filed a Reply.  Doc. 24.  For the reasons explained below, I **DENY** Plaintiff Doe's Motion to Plead Anonymously.  The Court **ORDERS** Plaintiffs to file an Amended Complaint with Plaintiff Doe's full name within seven days of this Order.

**BACKGROUND**

Three Plaintiffs bring claims against the McIntosh County Sheriff, Defendant Jessup, based on his alleged conduct during a 2022 McIntosh County Commissioner election.  Doc. 10 (Amended Complaint).  Two Plaintiffs are identified by name, and the third wishes to proceed anonymously.  Plaintiffs allege Defendant unlawfully interfered with Plaintiff Timothy Gardner's candidacy because Defendant supported a different candidate.  Id.  Plaintiffs allege Defendant made false statements about Plaintiff Gardner and told a city manager not to contract with Gardner's company, Plaintiff Teck Electric, LLC.  Id.  Plaintiffs allege Defendant violated

Plaintiff Doe's right to vote through intimidation and by "insinuating negative consequences" if Doe failed to vote for Defendant's preferred candidate. Id. at 22.

Plaintiff Doe filed a Motion to Plead Anonymously, arguing he will face threats of physical harm and social stigma if forced to reveal his identity.[1]  Doc. 16.  Defendant opposes Plaintiff Doe's Motion, arguing Doe should proceed in his own name.  Doc. 20.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]"  "Generally, parties to a lawsuit must identify themselves in their respective pleadings."  Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citing S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979)).  "This rule serves more than administrative convenience.  It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  Id. (citing Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981); and Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974)).  Thus, "[t]his [rule] creates a strong presumption in favor of parties' proceeding in their own names."  Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).  However, plaintiffs can overcome this presumption and may proceed anonymously if the court determines "plaintiff has a substantial privacy right which outweighs the customary and constitutionally[] embedded presumption of openness in judicial proceedings."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)).  Plaintiffs bear the burden to establish "their privacy rights outweigh the presumption of judicial openness."  In re: Chiquita Brands Int'l, Inc., 965 F.3d

---

[1]  Plaintiff Doe uses he/him/his pronouns throughout the Motion to Proceed Anonymously.  I adopt Plaintiff Doe's use of these pronouns in this Order, but Plaintiff Doe's identity and gender are unknown at this time.

2

1238, 1247 (11th Cir. 2020) (citing Plaintiff B v. Francis, 631 F.3d 1310, 1315–16 (11th Cir. 2011)).

The Eleventh Circuit Court of Appeals has provided several factors to be considered in this evaluation: (1) whether plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and, thus, risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names; and (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant. Francis, 631 F.3d at 1316. The factors receive considerable weight but are not exclusive; a court should review all circumstances in each case and "then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id. (citations omitted).

## DISCUSSION

Plaintiff Doe asks to proceed anonymously because he fears physical harm and social stigma. Doc. 16 at 5–6. Plaintiff Doe states Defendant threatened and intimidated numerous people to undermine Plaintiff Gardner's bid for county commissioner. Id. at 5. Plaintiff Doe claims Defendant said he would "keep a special eye on [Doe]" if Plaintiff Doe failed to vote for Defendant's preferred candidate. Id. Plaintiff Doe states Defendant, as the sheriff, "has the authority of the law and a fleet of police officers" at his disposal "to make [Plaintiff] Doe's life very difficult." Id. at 6. Plaintiff Doe also fears social stigma or even violence from his community because of community support for the sheriff and for police generally. Id. at 6–7.

Defendant argues Plaintiff Doe has not sufficiently demonstrated a real danger of physical harm. Doc. 20 at 3. Defendant argues Plaintiff Doe's concerns about physical harm

and social stigma are speculative and do not warrant Doe proceeding under a pseudonym. Id. at 4–6.

Turning to the Frank factors, the third and fourth factors are not at issue here. Plaintiff Doe is suing Defendant, a Georgia county sheriff, for violating the Voting Rights Act of 1965. Doc. 10 at 21–22. There are no criminal charges even potentially at issue. Plaintiff Doe is not a minor.

In relation to the first factor, this is arguably a case challenging governmental activity, as Plaintiff Doe is bringing a claim against a county sheriff in his official capacity and individual capacity. Even so, this fact does not support Doe proceeding anonymously. "It is not that suing the government weighs in *favor* of granting a request for anonymity; rather, the operative principle is that a suit against a private party weighs *against* a plaintiff's request for anonymity." Freedom From Religion Found., Inc. v. Emanuel Cnty. Sch. Sys., 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) (emphases in original) (citing Frank, 951 F.2d at 324). Further, the Eleventh Circuit has indicated this factor alone is not particularly persuasive, let alone dispositive. See Frank, 951 F.2d at 323–24 ("[Our prior case law] does not stand . . . for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government."). Plaintiff Doe is suing a single individual in both his official and individual capacities. To the extent the official capacity claims are equivalent to challenging governmental activity, this factor is not particularly persuasive. The portion of Plaintiff's claims against Defendant in his individual capacity cuts somewhat against anonymity. See Freedom From Religion, 109 F. Supp. 3d at 1357 (finding the first factor weighs against plaintiff anonymity where officials were sued in individual and official capacities). Ultimately, this factor is neutral or against anonymity.

Plaintiff Doe moves for anonymity primarily based on the fifth factor, arguing he faces a threat of violence or physical harm if his identity is revealed to Defendant. Doc. 16 at 5–6. A movant must face a "real danger of physical harm" to proceed anonymously. Frank, 951 F.2d at 323; see also In re: Chiquita, 965 F.3d at 1247 ("Other factors to consider include whether the party seeking anonymity . . . faces a real threat of physical harm absent anonymity." (citing Plaintiff B, 631 F.3d at 1316)). Courts require a particularized showing of threats or danger when parties move for anonymity on this basis. See Doe v. Brant, No. 5:19-CV-5, 2019 WL 13194617, at *5 (S.D. Ga. Aug. 5, 2019) (finding "a general sense of fright or fear toward Defendant" though "completely understandable" does not demonstrate need to proceed anonymously); Fla. Action Comm., Inc. v. Seminole County, No. 615CV1525, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016) ("[T]hose courts which have allowed parties to proceed anonymously did so because the party produced particularized evidence demonstrating that he or she would be subjected to violence." (collecting cases)). "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981).

Plaintiff Doe's claim of threats is not enough to overcome the strong presumption against proceeding anonymously. Defendant's promise to "keep a special eye" on Plaintiff Doe if Doe did not vote for a certain candidate is an amorphous statement, not a particularized threat. Plaintiff Doe contends his personal history with Defendant is a basis to feel threatened by such a statement. However, this single statement from Defendant does not articulate a real danger of violence or physical harm, regardless of Plaintiff Doe's general sense of fear from Defendant.[2]

---

[2] In his Motion, Plaintiff Doe offers to file an affidavit for in camera review to detail his personal history with Defendant "[s]hould the Court find it helpful." Doc. 16 at 2 n.2. Plaintiff has not established a legal or factual basis for the Court to accept or consider such ex parte communication. Plaintiff has not explained how an affidavit would provide any new or additional information related to his request to

5

Plaintiff Doe's concerns about Defendant using law enforcement authority to make "life very difficult" amounts to speculation, not a real danger of violence or physical harm.[3]

Plaintiff Doe also describes fears about retaliation and ostracization from the community. A showing of "social stigma" may warrant proceeding anonymously. Doe v. Neverson, 820 F. App'x 984, 988 (11th Cir. 2020) (citing Frank, 951 F.2d at 324). Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality when social stigma overcomes the presumption of openness in Court proceedings. Id. (citing Frank, 951 F.2d at 324). However, "[t]he risk that a plaintiff may suffer some embarrassment is not enough." Frank, 951 F.2d at 324; see also Doe v. Fam. Dollar Stores, Inc., No. 1:07-CV-1262, 2007 WL 9706836, at *2 (N.D. Ga. Oct. 17, 2007) (denying motion to proceed anonymously where plaintiff argued he will be required "to reveal intimate and traumatic details" that will "embarrass and humiliate him"); cf. Air Force Officer v. Austin, No. 5:22-CV-9, 2022 WL 468030, at *2 (M.D. Ga. Feb. 15, 2022) (finding social stigma concerns

---

proceed anonymously. Moreover, there is no indication Plaintiff Doe cannot provide specified information about the threats and danger he purports to face without disclosing his identity. To the extent Plaintiff Doe is asking the Court to consider an ex parte submission, that request is denied.

[3]    Plaintiff Doe also cites two news stories that mention Defendant. One is a seven-year-old newspaper article about racist social media posts made by two former McIntosh County deputies. Brad Schrade, *Racist Facebook posts expose tensions over policing in Georgia*, Atlanta J.-Const. (Oct. 28, 2016), http://digital.olivesoftware.com/Olive/ODN/AtlantaJournalConstitution/shared/ShowArticle.aspx?doc=AJC%2F2016%2F10%2F30&entity=Ar00103&sk=F469F3AA (last visited June 5, 2024). This article quotes a former deputy who "spoke on condition of anonymity out of fear of retribution." Id. However, the former deputy identifies no specific physical threats or a fear of Defendant. Another article reports Defendant restricted public meetings at the county courthouse. Margaret Coker, *McIntosh officials respond to complaints of open meetings violations*, The Current (Sep. 25, 2023), https://thecurrentga.org/2023/09/25/mcintosh-officials-respond-to-complaints-of-open-meetings-violations-cite-safety-concerns/ (last visited June 5, 2024). However, this story does not mention the county commissioner election or any threats made by Defendant. These news reports do not demonstrate real danger of physical harm to Plaintiff Doe.

6

warranted anonymity where plaintiff showed evidence of commentary "directed specifically at her case" challenging a vaccine requirement on religious grounds).

Plaintiff Doe has not shown a risk of social stigma enough to warrant proceeding anonymously. This case does not involve mental illness, sexual orientation, gender identity, religious beliefs, or any similar sensitive personal issue. Generalized disfavor in the community is not a sufficient basis for proceeding anonymously. Furthermore, Plaintiff Doe's concerns about community disfavor are speculative. Plaintiff Doe contends his community will view his claims as a political attack on all police, but Plaintiff Doe is suing an individual sheriff for a specific personal threat, not broader police conduct.

Plaintiff Doe relies on a number of cases where anonymous plaintiffs faced social stigma or threats from the community. Most of these cases involved direct challenges to controversial social policies. The plaintiffs in Doe v. Barrow County, 219 F.R.D. 189 (N.D. Ga. 2003), Stegall, and Freedom From Religion challenged school prayer or religious displays. Plaintiffs in Fair Fight, Inc. v. True the Vote, Inc. alleged the defendants unlawfully mobilized a statewide effort to submit more than 364,000 voter challenges under Georgia election law. Case No. 2:20-cv-302 (N.D. Ga. Jan. 2, 2024), ECF No. 29. Though Plaintiff Doe makes a federal voting rights claim against Defendant, his claim arises from one alleged threat made by Defendant. Plaintiff Doe does not seek to challenge a controversial law or social policy. Plaintiff Doe's broad concern about the community viewing his lawsuit as a political attack on the police is not sufficient to outweigh the strong presumption against proceeding anonymously.

Neither Plaintiff Doe nor Defendant make arguments about the sixth factor, fundamental unfairness to Defendant. Plaintiff Doe only points out Defendant makes no argument he will suffer prejudice if Plaintiff Doe proceeds anonymously. Accordingly, I do not consider whether

Plaintiff Doe's anonymity poses a unique threat of fundamental unfairness to Defendant. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) (holding the district court need not decide question of fundamental unfairness where matters of utmost intimacy or risk of bodily harm not present).

The Frank factors, considered together, do not weigh in favor of allowing Plaintiff Doe to proceed under a pseudonym. Plaintiff Doe is correct that bringing a legal claim against a powerful community figure may be daunting. But our system favors openness and public access in judicial proceedings. Plaintiff Doe has not sufficiently demonstrated a real threat of violence or physical harm, and he has not demonstrated any likelihood of significant social stigma. As a result, this case does not present an "exceptional circumstance" justifying Plaintiff Doe's anonymity in the case. Accordingly, the Court **DENIES** Plaintiff Doe's Motion.

## CONCLUSION

For the reasons explained above, I **DENY** Plaintiff Doe's Motion to Plead Anonymously. The Court **ORDERS** Plaintiffs to file an Amended Complaint with Plaintiff Doe's full name within seven days of this Order.

**SO ORDERED**, this 5th day of June, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA